## *Ex parte* Mason.

### *Application for Mandamus to State Auditor.*

1. *Sheriff's compensation for feeding prisoners.*—Under the act "in relation to feeding prisoners in jail," approved February 9, 1877 (Sess. Acts 1876-7, p. 65), which reduces the compensation of sheriffs for feeding prisoners in jail, from forty to thirty cents per day, while the proviso declares "that the provisions of this act shall not apply to any sheriff in office at the time of the adoption of the constitution now in force, but shall be of force *after the expiration of the terms of such sheriffs*"; a sheriff who has been appointed since the passage of the act, to fill the unexpired term of one who was in office at the time of its passage, can not claim the benefit of the proviso.

APPLICATION by George R. Mason for a *mandamus* to Hon. WILLIS BREWER, State auditor, to compel that officer to draw his warrant on the State treasurer, in favor of the petitioner, for the sum of $582, the amount of the petitioner's account, as sheriff of Dallas county, for feeding prisoners in the county jail of Dallas, during the month of May, 1877, at the rate of forty cents per day. The petition alleged that said Mason was appointed to the office of sheriff by the governor, on the 3d March, 1877, to fill the unexpired term of Charles M. Shelley, who had been appointed to fill a vacancy caused by the failure of one Hamilton White (who had been elected in November, 1874) to file his bond within the time prescribed by law; that he had presented his account, properly sworn to and certified, to the auditor, who refused to allow it, on the ground that the charges were excessive; that he had then applied by petition to Hon. JOHN A. MINNIS, the judge of the City Court of Montgomery, for a *mandamus* to the auditor, and that said judge refused to grant the writ. The only question in the case involves the construction of the proviso to the act approved February 9, 1877, entitled, "An act in

[Ex parte Mason.]

relation to feeding prisoners in jail," which is copied in the opinion of the court.

W. Boyles, and E. W. Pettus, for the petitioner, cited Dwarris on Statutes, 110; 54 Penn. St. 180; Walker, Mich. 394; 3 Story, 87; 4 Zabr. 86; 1 Wheat. 30; 1 Kent's Com. 462.

John W. A. Sanford, Attorney-General, for the State.

STONE, J.—The act "In relation to feeding prisoners in jail," approved February 9th, 1877 (Pamph. Acts, 65), declares, "that from and after the passage of this act, the sheriffs of the different counties in this State shall be allowed thirty cents per day for feeding prisoners in jail, to be paid as now prescribed by law." There is a proviso, "That the provisions of this act shall not apply to any sheriff in office at the time of the adoption of the constitution now in force, but shall be of force after the expiration of the terms of such sheriffs." Under the provisions of this statute, the general result was to reduce the pay of sheriffs for feeding prisoners in jail to thirty cents per day. Such would have been the immediate effect upon all sheriffs then in office, if the statute had contained only the first clause. But, in the proviso, it is declared, that the act shall not "apply to" a named class of persons, or persons in certain named conditions. What are the conditions? First, the person claiming that the statute does not apply to him, must be a "sheriff in office at the time of the adoption of the constitution now in force." But it does not apply, for all time, to persons who filled this condition. It was not a continuing personal privilege granted to this class of persons. Persons then holding the office of sheriff might be afterwards re-elected to another term. The intention was not to extend the privilege through a second term. Hence, to come within the proviso, the sheriff must meet the requirement of a second condition. He must not only have been in office at the time of the adoption of the constitution now in force; but, the claim of exemption from the operation of the statute, to be available, must be during the *then term* of his office as sheriff. After the expiration of his then term of office, the provisions of the statute apply to him as to all other persons. The petitioner, in the present case, meets neither of the required conditions.

Judgment of City Court of Montgomery affirmed, and *mandamus* refused.